The Honorable Daniel T. K. Hurley Chief Judge, 15th Judicial Circuit County Courthouse West Palm Beach, Florida 33401
Dear Judge Hurley:
You have asked substantially the following question:
Does s. 948.01, F.S., as amended by s. 7, Ch. 90-337, Laws of Florida, prohibit a judge from releasing an individual charged with a felony on his or her own recognizance, under the supervision of a private entity.
In sum:
It does not appear that s. 948.01, F.S., as amended by s. 7, Ch. 90-337, Laws of Florida, controls the post arrest, pretrial procedures provided for in Ch. 907, F.S., which authorize the Supreme Court of Florida to adopt rules governing the procedures for pretrial release. Pursuant to Rule 3.131(b), Fla.R.Crim.P., the judicial officer may release the defendant on his or her own recognizance and place the defendant in the custody of a designated person or organization agreeing to supervise him or her.
Section 948.01(1), F.S., as amended by s. 7, Ch. 90-337, Laws of Florida, provides:
Any court of the state having original jurisdiction of criminal actions may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of a defendant in a criminal case, except for an offense punishable by death, who has been found guilty by the verdict of a jury, has entered a plea of guilty or a plea of nolo contendere, or has been found guilty by the court trying the case without a jury. If the court places the defendant on probation or into community control for a felony, the department shall supervise the offender and immediate supervision shall be provided by an officer employed in compliance with the minimum qualifications for officers as provided in s. 943.13. In no circumstances shall a private entity provide probationary or supervision services to offenders sentenced or placed on probation or other supervision by the circuit court. (Underlined portions added by s. 7, Ch. 90-337, Laws of Florida.)
These changes preclude any private entities from supervising felony probationers and mandate that the Department of Corrections supervise defendants placed on probation or into community control.[1] Chapter 948, F.S., generally relates to probation and community control, specifically providing for the placement of a defendant on probation or into community control who has been found guilty by jury verdict, has entered a plea of guilty or nolo contendere, or has been found guilty by the court. Thus, it appears that the application of Ch. 948, F.S., is limited to those instances in which the judicial trial process has already begun.
The Florida Constitution provides:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.[2]
Generally, the power to admit a person to bail is a judicial power and may only be exercised as authorized by the Constitution and the laws of this state.[3] As the entity constitutionally made responsible for prescribing rules of practice and procedure for the courts of this state,[4] the Supreme Court of Florida has authorized all judicial officers to admit a defendant to bail.[5]
As defined in the Florida Statutes, "bail" or "bond" includes any and all forms of pretrial release.[6] Rule 3.131, Fla.R.Crim.P., defines "bail" as any of the following forms of release:
(i) Personal recognizance of the defendant; (ii) Execution of an unsecured appearance bond in an amount specified by the judge; (iii) Placing restrictions on the travel, association, or place of abode of the defendant during the period of release; (iv) Placing the defendant in custody of a designated person or organization agreeing to supervise him; (v) Requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy said bail by providing an appearance bond. (vi) Imposing any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
The judicial officer is required to impose the first of the foregoing conditions which will reasonably protect the community from risk of physical harm, assure the presence of the defendant at trial, or assure the integrity of the judicial process.[7]
Furthermore, if no single condition gives these assurances, the judicial officer may use any combination of conditions.[8]
The Legislature has prescribed certain circumstances which must be considered by the court before releasing a defendant on bail or under other conditions.[9] As a condition of pretrial release, however, the court must require that the defendant refrain from criminal activity of any kind and refrain from any contact of any type with the victim, except through pretrial discovery under the Florida Rules of Criminal Procedure.[10] These requirements apply "whether such release is by surety bail bond or recognizance bond or in some other form."[11]
I have not found any statute which limits the pretrial release of a defendant to the supervision of the Department of Corrections. Rather, it appears within the discretion of the trial court, after considering the prescribed conditions, to release the defendant under those conditions which will assure the defendant's presence at trial and preserve the integrity of the judicial process, while reasonably protecting the community from risk of physical harm. It would appear, therefore, under the conditions prescribed in Rule 3.131(b), Fla.R.Crim.P., that a court could release a defendant upon his or her own recognizance and place such defendant under the supervision of a designated private entity.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Final Staff Analysis, House Bill 3711, House of Representatives Committee on Corrections, June 1, 1990.
[2] Section 14, Art. I, State Const. 
[3] See generally, 14 Fla.Jur.2d Criminal Law s. 416.
[4] Section 2, Art. V, State Const. 
[5] Fla.R.Crim.P. 3.130 and 3.131. And see, s. 901.01, F.S., which provides that "[e]ach state judicial officer is a . . . committing magistrate with authority to issue warrants of arrest, commit offenders to jail, and recognize them to appear to answer the charge. He may require sureties of the peace when the peace has been substantially threatened or disturbed."
[6] Section 903.011, F.S.
[7] Rule 3.131(b)(1), Fla.R.Crim.P.
[8] Id.
[9] Section 903.046(2), F.S.
[10] Section 903.047, F.S.
[11] Id.